**David G. Hosenpud**, OSB No. 832414
hosenpudd@lanepowell.com
**Joanna R. Brody**, OSB No. 102034
brodyj@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Colleen Mayer**, *Admitted Pro Hac Vice*
mayerc@lanepowell.com
**Laura T. Morse**, *Admitted Pro Hac Vice*
morsel@lanepowell.com
**LANE POWELL PC**
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants Karsan, Inc. and
  Sandra Lewis

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRIAN EASON,** | Case No. 3:15-cv-02335-SI |
| Plaintiff, | |
| v. | **DEFENDANTS KARSAN, INC. AND SANDRA LEWIS'S ANSWER AND AFFIRMATIVE DEFENSES** |
| **ELMER'S RESTAURANTS, INC.**, an Oregon corporation, **ELMER'S FRANCHISE SYSTEMS, INC.**, an Oregon corporation, **KARSAN, INC.**, a Washington corporation, and **SANDRA LEWIS**, an individual, | |
| Defendants. | |

PAGE 1 -   DEFENDANTS KARSAN, INC. AND SANDRA LEWIS'S ANSWER AND
           AFFIRMATIVE DEFENSES

707613.0002/6628124.2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

Defendants Karsan, Inc. and Sandra Lewis ("Defendants"), through their counsel of record, submit their answer and affirmative defenses to Plaintiff's Complaint dated October 26, 2015. Defendants hereby admit, deny and allege as follows:

1.

Answering Paragraph 1, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1.

2.

Answering Paragraph 2, Defendants admit that Defendant Karsan, Inc. is a Washington corporation and that Defendant Karsan, Inc. owns and operates the Elmer's Restaurant located at 7105 NE 40th Street, Vancouver, Washington 98661. Defendants deny the remaining allegations in Paragraph 2.

3.

Answering Paragraph 3, Defendants admit the allegations therein.

4.

Answering Paragraph 4, Defendants admit that Plaintiff was a customer at the Elmer's Restaurant located at 7105 NE 40th Street, Vancouver, Washington 98661 on December 16, 2014. Defendants deny the remaining allegations in Paragraph 4.

5.

Answering Paragraph 5, Defendants deny the allegations therein.

FIRST CLAIM FOR DISCRIMINATION:

6.

Answering Paragraph 6, Defendants incorporate by reference their responses to paragraphs 1-5 as if fully set forth herein.

PAGE 2 -   DEFENDANTS KARSAN, INC. AND SANDRA LEWIS'S ANSWER AND AFFIRMATIVE DEFENSES

707613.0002/6628124.2

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

7.

Answering Paragraph 7, Defendants admit that Plaintiff is African American. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7.

8.

Answering Paragraph 8, Defendants admit that the Elmer's Restaurant located at 7105 NE 40th Street, Vancouver, Washington 98661 is a place of public accommodation within the meaning of RCWA 49.60.030. Defendants deny the remaining allegations in Paragraph 8.

9.

Answering Paragraph 9, Defendants deny that they engaged in any discriminatory conduct and accordingly deny the allegations therein.

10.

Answering Paragraph 10, Defendants deny the allegations therein and that Plaintiff is entitled to any of the relief requested.

11.

Answering Paragraph 11, Defendants deny that Plaintiff is entitled to any of the relief requested.

SECOND CLAIM FOR DISCRIMINATION:

12.

Answering Paragraph 12, Defendants incorporate by reference their responses to paragraphs 1-7 as if fully set forth herein.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200
707613.0002/6628124.2

13.

Answering Paragraph 13, Defendants admit that the Elmer's Restaurant located at 7105 NE 40th Street, Vancouver, Washington 98661 is a place of public accommodation within the meaning of 42 USC §2000a. Defendants deny the remaining allegations in Paragraph 13.

14.

Answering Paragraph 14, Defendants deny that they engaged in any discriminatory conduct and accordingly deny the allegations therein.

15.

Answering Paragraph 15, Defendants deny that Plaintiff is entitled to any of the relief requested.

THIRD CLAIM FOR DISCRIMINATION:

16.

Answering Paragraph 16, Defendants incorporate by reference their responses to paragraphs 1-7 as if fully set forth herein.

17.

Answering Paragraph 17, Defendants deny that they engaged in any discriminatory conduct and accordingly deny the allegations therein.

18.

Answering Paragraph 18, Defendants deny the allegations therein and that Plaintiff is entitled to any of the relief requested.

19.

Answering Paragraph 19, Defendants deny that Plaintiff is entitled to any of the relief requested.

20.

Answering Paragraph 20, Defendants deny that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

Defendants have not yet had a full opportunity to conduct a reasonable inquiry into all facts underlying this lawsuit, but based upon their knowledge, information, and belief, Defendants interpose the following affirmative and other defenses, some or all of which may ultimately be supported by the facts to be revealed in discovery and investigation of the case. Upon request and after having conducted discovery in this case, Defendants will withdraw those affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation, should there be any. On the basis of the above, by way of further answer to Plaintiff's Complaint, and without waiving any arguments available to Defendants regarding Plaintiff's burden of proof, Defendants allege the following defenses or affirmative defenses:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

Plaintiff has failed to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Failure to Assert a Prima Facie Case of Discrimination)**

Plaintiff has failed to assert a prima facie case of discrimination.

## **THIRD AFFIRMATIVE DEFENSE**

### **(After-Acquired Evidence)**

Plaintiff's damages are barred in whole or part by the doctrine of after-acquired evidence.

PAGE 5 - DEFENDANTS KARSAN, INC. AND SANDRA LEWIS'S ANSWER AND AFFIRMATIVE DEFENSES

707613.0002/6628124.2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

Plaintiff's demand for attorneys' fees should be denied because Defendants' defenses to this action are reasonable and made in good faith.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred in whole or in part because Defendants engaged in good faith efforts to comply with applicable law.

## SIXTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff is not entitled to punitive damages, even if he proves a violation of the law, because any acts or omissions giving rise to his claims were undertaken or made in good faith, and Defendants had reasonable grounds for believing that their actions or omissions did not violate the law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Constructive Knowledge)

Defendants did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Complaint at any relevant time.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred in whole or in part by the defenses of waiver, estoppel, ratification, laches, acquiescence, bad faith, unclean hands, consent, agreement, offset, payment, release, and other equitable defenses.

PAGE 6 -   DEFENDANTS KARSAN, INC. AND SANDRA LEWIS'S ANSWER AND
           AFFIRMATIVE DEFENSES

707613.0002/6628124.2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

## RESERVATION OF RIGHTS

Defendants reserve the right to add additional affirmative defenses, or to strike affirmative defenses asserted herein, pending discovery.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint and asserting affirmative defenses, Defendants pray for judgment as follows:

1. For dismissal of plaintiff's Complaint with prejudice;

2. For Defendants' costs, disbursements, and attorneys' fees in an amount to be determined at the time of trial; and

3. For such other and further relief as the Court deems just and equitable.

DATED: March 23, 2016

LANE POWELL PC

By: *s/ Laura T. Morse*
David G. Hosenpud, OSB No. 832414
Joanna R. Brody, OSB No. 102034
Laura T. Morse, *Admitted Pro Hac Vice*
Colleen M. Mayer, *Admitted Pro Hac Vice*
Attorneys for Defendants Karsan, Inc. and Sandra Lewis

PAGE 7 - DEFENDANTS KARSAN, INC. AND SANDRA LEWIS'S ANSWER AND AFFIRMATIVE DEFENSES

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707613.0002/6628124.2

# CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2016, I caused to be served a copy of the foregoing on the following person(s) in the manner indicated below at the following address(es):

Gregory Kafoury, Esq.
Mark Gillis McDougal, Esq.
*mcdougal@kafourymcdougal.com*
Jason Llewellyn Kafoury, Esq.
Kafoury & McDougal
411 SW Second Avenue, Suite 200
Portland, OR 97204-3408

Elizabeth E. Lampson**,** Esq.
*elampson@davisrothwell.com*
Davis Rothwell Earle & Xochihua P.C.
111 Southwest Fifth Avenue, Suite 2700
Portland, Oregon  97205-3650

- ☑ **by CM/ECF**
- ☐ **by Electronic Mail**
- ☐ **by Facsimile Transmission**
- ☐ **by First Class Mail**
- ☐ **by Hand Delivery**
- ☐ **by Overnight Delivery**

    *s/ Laura T. Morse*
    Laura T. Morse

PAGE 8 -   CERTIFICATE OF SERVICE